IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARVIO OLIVER, | : |
| Plaintiff | : |
| VS. | : |
| GEORGIA DEP'T OF CORRECTIONS, GDOC Comm'r JAMES DONALD, and Officers JAMES WARD BROOKS and ELDRIDGE LEE PICKLE, JR. | : NO. 5:06-cv-320 (CAR) |
| Defendants | : **O R D E R** |

Plaintiff **MARVIO OLIVER**, presently an inmate at Phillips State Prison in Buford, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. FILING FEE*

Plaintiff has paid the initial partial filing fee of $7.16 as ordered by this Court on September 19, 2006. The unpaid balance of $342.84; plaintiff is obligated to pay this amount in monthly payments of 20% of the deposits made to his prisoner account during the preceding month. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10 until the entire $350 filing fee is paid. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

1

## II.  STANDARD OF REVIEW

### A.  28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

### III. BACKGROUND

On March 7, 2006, plaintiff, along with five other inmates, was being transported from Wilcox State Prison to Jackson State Prison in a prison van operated by defendant Officer Eldridge Lee Pickle, Jr. During the trip, plaintiff was restrained with handcuffs and leg irons, but he was not wearing a seat belt. Defendant Officer Joseph Ward Brooks was driving another prison van directly behind Pickle and, according to plaintiff, "driving too fast." At exit 201 in Jackson, Georgia, Officer Brooks allegedly rear-ended Officer Pickle's prison van. As a result of the collision, plaintiff suffered severe injuries to his neck, back, and arms. Instead of taking the inmates to receive immediate medical treatment, plaintiff complains that Officers Pickle and Brooks drove their respective prison vans to Jackson State Prison, a 5 to 10 minute drive from exit 201 according to the Georgia Department of Corrections' ("GDOC") website. Once there, plaintiff alleges that he had to wait several hours before he received medical treatment.

Plaintiff complains that James E. Donald, Commissioner of the GDOC, failed to provide seatbelts for prisoners in transit. Plaintiff additionally sues Donald for failing to train and supervise Officer Brooks in the proper operation of state vehicles and for failing to train and supervise both Officers Brooks and Pickle "accessing proper medical treatment."

Plaintiff also appears to suggest that unidentified officials conspired to cover up the accident because Officer Brooks was not issued a ticket for the accident.

Plaintiff names as defendants Eldridge Lee Pickle, Jr., Joseph Ward Brooks, James Donald,

and the GDOC.  He seeks damages and injunctive relief in the form of proper medical treatment.

## IV.  DISCUSSION

### A.  GDOC

A plaintiff in a section 1983 is limited with respect to whom he may sue.  The State of Georgia, the GDOC, and state officials in their official capacities are not subject to suit for monetary damages.  ***Will v. Mich. Dep't of State Police***, 491 U.S. 58, 71 (1989); ***Edwards v. Wallace Community College***, 49 F.3d 1517, 1524 (11th Cir.1995).  Further, the Eleventh Amendment bars a plaintiff's section 1983 action against the State of Georgia and the GDOC for both monetary damages and injunctive relief.  ***Stevens v. Gay***, 864 F.2d 113, 114-15 (11th Cir.1989).  For these reasons, the GDOC must be dismissed from this action.

### B.  Van Accident

Plaintiff alleges that he sustained severe injuries as a result of the negligence and recklessness of Officer Brooks, who plaintiff alleges was driving at an excessive rate of speed at the time of the accident.  Mere negligence on the part of prison officials resulting in injury to an inmate under their care does not represent a constitutional violation.  ***Daniels v. Williams***, 106 S. Ct. 662 (1986).  To amount to a violation of the Constitution, the officials' actions must be deliberate or reckless in the criminal sense.  ***Whitley v. Albers***, 475 U.S. 312 (1986).  Although plaintiff's complaint is couched in language of both "negligence" and "recklessness" he has alleged no actions on the part of Brooks which could be construed as reckless in the criminal sense.  ***Hill v. Shobe***, 93

F.3d 418, 421 (7th Cir. 1996) ("[a]llegations of a public official driving too fast for the road conditions are grounded in negligence, not criminal recklessness").  While plaintiff may have a cause of action in state court for negligence, he has not shown a constitutional violation under section 1983.  Consequently, plaintiff's claim against Officer Brooks for the negligent operation of the prison van should be dismissed as frivolous.[1]

### C.  Conspiracy

As to plaintiff's conspiracy claim, vague and general allegations of a state official's participation in a conspiracy are insufficient to support such a conspiracy claim or to show a violation of section 1983.  **Fullman v. Graddick**, 739 F.2d 553 (11th Cir. 1984).  In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged.  It is not enough simply to allege in the complaint that a conspiracy existed.  Plaintiff has alleged absolutely no facts to support his claim of conspiracy.  He does not even name the individuals who engaged in the alleged "cover up."  Nor does he allege that he was injured by the failure of the Brooks to receive a ticket.

### D.  Failure to Use Seat Belts

Plaintiff claims that GDOC Commissioner Donald is liable for failing to have in place a policy requiring the seatbelting of prisoners in transit.  This claim must likewise be dismissed.

---

[1] Plaintiff also asserts that Brooks' actions constitute assault and battery under Georgia law. Negligence, however, does not constitute assault and battery, which requires intentional conduct by the defendant.  *See e.g.*, O.C.G.A. 51-1-14.

"[F]ailure to seatbelt an inmate does not violate the constitution." ***Dexter v. Ford Motor Co.***, 92 Fed. Appx. 637, 643-44 (10th Cir.2004); *see also **Williams v. City of New York***, 2005 WL 2862007 (S.D.N.Y. Nov. 1, 2005). At most, such failure constitutes negligence. ***Dexter***, 92 Fed. Appx. at 643-44.

### E. Supervisory Liability

Plaintiff seeks to hold Commissioner James Donald liable because he failed to train and supervise Officers Brooks and Pickle. A supervisor, however, may not be held liable for the acts of his subordinates on the basis of *respondeat superior*. ***Monell v. Department of Social Services of New York***, 436 U.S. 658, 691 (1978). Instead, "supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." ***Cottone v. Jenne***, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." ***Id.*** at 1360. Plaintiff has not alleged that Commissioner Donald was personally involved in the events giving rise to this lawsuit. Nor has he alleged any facts supporting the existence of a "causal connection" under the above standard.

### F. Medical Treatment

Plaintiff complains about the medical treatment he received after the accident. Specifically, he objects to the several hour delay in his receiving treatment at Jackson State Prison. He also complains that the treatment he has received has been deficient. In that regard, he asks this Court for injunctive relief in the form of this Court's directing that he be sent to a specialist to treat his continuing arm, neck, and back pain.

#### 1. Damages

In ***Estelle v. Gamble***, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment." "Deliberate indifference" has three components: 1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; and 3) conduct that is more than mere negligence. ***McElligott v. Foley***, 182 F.3d 1248, 1255 (11th Cir. 1999). A prisoner's mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law. ***Id; see also Howell v. Evans***, 922 F.2d 712 (11th Cir.), ***vacated as moot***, 931 F.2d 711 (1991), ***reinstated by unpublished order, sub. nom Howell v. Burden***, 12 F.3d 190, 191 n.* (1994).

In the present case, plaintiff has not alleged deliberate indifference to his medical needs on the part of Officers Brooks and Pickle. According to plaintiff's complaint, said officers took plaintiff straight to Jackson State Prison, which was only 5-10 minutes from the scene of the

accident. Even if the alleged several hour delay in plaintiff receiving treatment constituted deliberate indifference to his serious medical needs, plaintiff does not allege that Brooks and Pickle, the transport officers, were responsible for this delay. The Court notes that plaintiff's complaint does not name any medical personnel from Jackson State Prison as defendants in this action.

### *2. Injunctive Relief*

As to plaintiff's claims for injunctive relief, the Court notes that plaintiff apparently has been allowed to receive medical care as evidenced by his being prescribed a number of medications for his condition. However, plaintiff apparently suffers from chronic pain as a result of the accident. Because plaintiff is no longer confined at Jackson State Prison, any order for injunctive relief against officials of that prison would be moot. ***Zatler v. Wainwright***, 802 F.2d 397, 399 (11th Cir. 1986) (a prisoner's claim for injunctive relief is mooted by his transfer or release from the facility about which he complains). If plaintiff wishes to seek injunctive relief, *i.e.*, proper treatment, he should file a new lawsuit against the appropriate individuals at Phillips State Prison, where plaintiff is presently confined. That lawsuit should be filed in the United States District Court for the Northern District of Georgia.

### *V. CONCLUSION*

In light of the above, the instant action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 27th day of October, 2006.

                                                  S/ C. Ashley Royal
                                                C. ASHLEY ROYAL
                                                UNITED STATES DISTRICT JUDGE

cr