IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARVIO OLIVER,

    Plaintiff

VS.

Officer JAMES WARD BROOKS, *et al.*,

    Defendants

NO. 5:06-cv-320 (CAR)

**O R D E R**

Plaintiff **MARVIO OLIVER** has filed a motion in which he asks this Court to reconsider its order dated October 27, 2006 (Tab # 7). The Court's October 27th order dismissed pursuant to 28 U.S.C. § 1915(e)(2) plaintiff's 42 U.S.C. § 1983 lawsuit because: (1) plaintiff sued an improper defendant (the Georgia Department of Corrections (the "GDOC")); (2) defendant Officer Joseph Brooks could not be held liable for the negligent operation of a prison van; (3) plaintiff's conspiracy claim was vague; (4) defendant GDOC Commissioner James Donald's failure to have in place a policy requiring the seatbelting of prisoners in transit does not violate the Constitution; (5) defendant Donald could not be held liable for the acts of his subordinates; and (6) plaintiff failed to show deliberate indifference to his serious medical needs on the part of either defendant Brooks or defendant Officer Eldridge Lee Pickle, Jr. Lastly, the Court advised plaintiff that if he wished to seek injunctive relief in the form of proper medical treatment, he should file a new lawsuit against the appropriate defendants at Phillips State Prison, where plaintiff is presently confined.

1

As an initial matter, the Court notes that in his motion for reconsideration, plaintiff does not contest this Court's dismissal of his claim against defendant Donald relating to supervisory liability. This claim shall remain dismissed.

In his motion to reconsider, plaintiff appears to contest most of the Court's findings. First, although plaintiff acknowledges that he is limited as to whom he may sue under section 1983, he nevertheless challenges the dismissal of the GDOC. As the Court explained in its order, the GDOC is simply not a "person" who may be sued in an action brought under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Second, plaintiff reiterates his belief that defendant Officer Brooks should be held liable for his excessive speeding which resulted in his rear-ending the transport van in which plaintiff was traveling. No matter how plaintiff characterizes his claim against Officer Brooks, it is negligence and not cognizable under section 1983.

Third, plaintiff requests that the Court reconsider its decision regarding plaintiff's conspiracy claim. Plaintiff asserts that he has alleged sufficient facts to support said claim, *e.g.*, that he has named the conspirators. Unfortunately, the mere naming of the conspirators is not enough to support a conspiracy claim. Moreover, plaintiff has not alleged that the failure of Officer Brooks to receive a ticket – the apparent crux of the conspiracy -- injured plaintiff or otherwise affected any of plaintiff's constitutional rights.

Fourth, plaintiff attempts to characterize defendant Donald's failure to have seatbelts

installed in prison transport vans as a failure to protect claim. However characterized, this claim does not state a constitutional violation, as held by the cases cited in this Court's October 27th order.

Finally, plaintiff asks this Court to reconsider its finding that plaintiff failed to allege deliberate indifference to his serious medical needs on the part of either defendant Officer Brooks or defendant Officer Pickle. Plaintiff states that following the accident, he made both defendants aware that he need to see medical personnel, but that said defendants ignored his request. Following the accident, plaintiff was taken to Jackson State Prison ("JSP"), which was only 5-10 minutes from the scene of the accident. Although not mentioned in plaintiff's original complaint, plaintiff claims that he was then placed on another transport van and taken to Phillips State Prison in Buford, Georgia. With regard to this claim, and this claim only, the Court finds that it needs additional information before it can rule on plaintiff's motion to reconsider. Accordingly, plaintiff is directed to answer the following questions:

(1) Precisely how long did you stay at JSP following the accident?

(2) Did you inform any JSP medical or other personnel (other than Officers Brooks and Pickle) of your injuries and need for medical treatment? If the answer is yes, state the names and positions of those officials whom you told. If the answer is no, why not?

(3) Were either Officer Brooks or Officer Pickle your transport officers from JSP to Phillips?

(4) How were you injured as a result of the several hours delay before you received treatment at Phillips State Prison?

Plaintiff is hereby given ten (10) days from his receipt of this order to answer the above questions. If plaintiff fails to respond to this order in a timely manner, his motion for reconsideration shall be denied in its entirety.

**SO ORDERED**, this 15th day of December, 2006.

                                                  S/ C. Ashley Royal
                                                C. ASHLEY ROYAL
                                                UNITED STATES DISTRICT JUDGE

cr